### LEBER v. DIBRELL. (No. 6291.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 26, 1919.)

GAMING ⬸6, 29—RECOVERY FROM STAKE-HOLDER AFTER RESCINDING BET ON HORSE RACE.

Where plaintiff agreed with another to run a horse race, the owner of the fastest horse to get the stakes, and if either failed or refused to race the other to have the stakes, such agreement was illegal under Pen. Code 1911, art. 578, as betting on a horse race, and either party could rescind and recover his money from defendant stakeholder.

Appeal from Guadalupe County Court; J. B. Williams, Judge.

Suit by Jim Dibrell against Walter Leber. From judgment for plaintiff, defendant appeals. Affirmed.

Wurzbach & Wirtz, of Seguin, for appellant.

H. E. Short and Dibrell & Mosheim, all of Seguin, for appellee.

FLY, C. J. This suit originated in the justice's court, where appellees sued appellant to recover $200, which was deposited with appellant as a stakeholder for a horse race which was not run. Appellee recovered in the justice's court, and upon appeal to the county court appellee recovered the sum sued for.

The evidence showed that appellee and one R. J. Porter entered into a written agreement to run a horse race on December 26, 1917; that appellee deposited $200 with appellant as stakeholder. On the day fixed for the race appellee failed and refused to agree on a judge or starter, and the race was not run. On the day following appellee demanded a return by appellant of the money deposited by appellee; the same still being in the hands of appellant. He refused to return the money. It had been agreed between Porter and appellee that in case either party failed or refused to run the race the other should have the money placed with the stakeholder.

The county court held that the contract was illegal, being one for gaming purposes. Undoubtedly the evidence showed that the agreement was one to run a horse race, the owner of the fastest horse to get the stakes. The contention that the evidence failed to show that the money would be won by the fastest horse is utterly without foundation. Men do not usually put up money on the proposition that the slow horse should take the money, but, if this was the case, it would not alter the fact that the money was to change hands at the end of a speed contest, and consequently that the whole affair was illegal. It was betting on a horse race, which is condemned by the laws of Texas. Rev. Crim. St. (Pen. Code) art. 578. Either party could rescind the contract and recover his money from the stakeholder. As said by this court in Lewy v. Crawford, 5 Tex. Civ. App. 293, 23 S. W. 1041:

"The terms of the bet, or who was winner or loser, can cut no figure in the decision of this case. The whole transaction was clearly against public policy, and in open violation of one of the penal statutes of Texas. * * * A gaming contract being illegal and void, courts have invariably refused to interfere between the parties to the wager, who, being in pari delicto, cannot invoke the aid of the courts in carrying out their contracts. The question, however, presented to this court is not whether it will enforce or affirm a gambling contract, but whether it will permit one of the parties to disaffirm it. We have investigated a large number of American cases, and in nearly all of them the rule is laid down that as long as the money is in the hands of the stakeholder either party has the right to demand his part of the money, and, if refused, can maintain an action at law, whether demand is made on the stakeholder before or after the happening of the contingency upon which the wager is suspended."

The entire transaction was illegal, the provision for the forfeit as well as the rest of the contract. It may be, as stated by appellant, that "horse racing is the sport of kings," but it is one of the sports of those delectable personages, when accompanied with gambling, which, like many others of their doubtful, if not criminal, pastimes, has been branded by the laws of civilization with their disapproval and condemnation.

The judgment is affirmed.